Stuart L. Finz
FINZ & FINZ, P.C.
Attorneys for Plaintiffs
100 Jericho Quadrangle
Jericho, N.Y. 11753
516-433-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

SHAMSHER ANGRAS, an infant by his mother and natural
guardian, NISHA ANGRAS and NISHA ANGRAS, individually,
HARMEET ANGRAS, and KAPIL PRUTHI,

                    Plaintiffs,

          - against -

PERFORMANCE FOOD GROUP and PFG CUSTOMIZED
DISTRIBUTION

               Defendants.

-------------------------------------------------------------------------x

**AMENDED VERIFIED
COMPLAINT and
DEMAND FOR
JURY TRIAL**

Civil Action
No. 08-CV-7444 (JFK) (DF)
ECF CASE

Plaintiffs, by their attorneys, Finz & Finz, P.C., as and for their Complaint pursuant to the Federal Rules of Civil Procedure, allege as follows:

## THE NATURE OF THIS ACTION

1.       This litigation arises out of a motor vehicle accident that occurred on July 4, 2008 at about 1:30 a.m., in which the plaintiffs SHAMSHER ANGRAS, NISHA ANGRAS and KAPIL PRUTHI sustained severe, serious and permanent personal injuries. The claim of HARMEET ANGRAS is derivative in nature.

2.       Generally, the action seeks damages on behalf of the plaintiffs and against the defendants based upon the negligent operation, management and control of a motor vehicle.

## JURISDICTION

3.        Jurisdiction as to all defendants is based on diversity of citizenship, 28 U.S.C. §1332, in that there is complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.        Venue lies in this Court pursuant to 28 U.S.C. § 1391(a)(1) and (c) in that the defendants are corporate entities and are doing business in the State of New York thereby subject to jurisdiction in this judicial district.

## THE PARTIES

5.        At all times hereinafter mentioned, the plaintiffs SHAMSHER ANGRAS, NISHA ANGRAS and HARMEET ANGRAS were and are residents of 50 Cannington Road, Dageham Essex, London, United Kingdom.

6.        At all times hereinafter mentioned, the plaintiff, KAPIL PRUTHI, was and is a resident of 3900 Manhattan College Parkway, Bronx, New York 10471.

7.        Upon information and belief, at all times hereinafter mentioned, the defendant, PERFORMANCE FOOD GROUP (hereinafter referred to as "PFG"), is a corporation duly organized in the State of Deleware and maintains its principal place of business at 12500 West Creek Parkway, Richmond, Virginia.

8.        Upon information and belief, at all times hereinafter mentioned, the defendant, PFG CUSTOMIZED DISTRIBUTION (hereinafter "DISTRIBUTION") is a corporation duly organized in the State of Maryland and maintains its principal place of business at 1520 Elkton Road, Elkton, Maryland, 21921.

## AS AND FOR A FIRST CAUSE OF ACTION FOR NEGLIGENCE
## ON BEHALF OF SHAMSHER ANGRAS, NISHA ANGRAS and KAPIL PRUTHI

9.        Plaintiffs repeat, reiterate and reallege each and every allegation set forth above, with the same force and effect as though same were more fully set forth at length herein.

10.        On or about July 4, 2008, at approximately 1:30 a.m., plaintiffs SHAMSHER ANGRAS, NISHA ANGRAS and KAPIL PRUTHI were passengers in an automobile being operated in a generally northbound direction on the New Jersey Turnpike at or about milepost 113.2 in the Borough of East Rutherford, Bergen County, New Jersey.

11.        On or about July 4, 2008, at approximately 1:30 a.m., HUBERT FRAZER (hereinafter "FRAZER") was operating a 2004 Freightliner truck bearing Maryland license plate 624F31 and trailer bearing Tennessee license plate U131729 in a generally northbound direction on the New Jersey Turnpike at or about milepost 113.2 in the Borough of East Rutherford, Bergen County, New Jersey.

12.        At all times hereinafter mentioned, defendant PFG was the owner of the 2004 Freightliner truck bearing Maryland license plate 624F31.

13.        At all times hereinafter mentioned, defendant PFG was the lessee of the 2004 Freightliner truck bearing Maryland license plate 624F31.

14.        At all times hereinafter mentioned, defendant DISTRIBUTION was the owner of the 2004 Freightliner truck bearing Maryland license plate 624F31.

15.        At all times hereinafter mentioned, defendant DISTRIBUTION was the lessee of the 2004 Freightliner truck bearing Maryland license plate 624F31.

16.        At all times hereinafter mentioned, defendant PFG was the owner of the trailer

3

bearing Tennessee license plate U131729.

17.     At all times hereinafter mentioned, defendant PFG was the lessee of the trailer bearing Tennessee license plate U131729.

18.     At all times hereinafter mentioned, defendant DISTRIBUTION was the owner of the trailer bearing Tennessee license plate U131729.

19.     At all times hereinafter mentioned, defendant DISTRIBUTION was the lessee of the trailer bearing Tennessee license plate U131729.

20.     At all times hereinafter mentioned, HUBERT FRAZER (hereinafter "FRAZER"), was employed by defendant PFG.

21.     At all times hereinafter mentioned, FRAZER was employed by defendant DISTRIBUTION.

22.     At all times hereinafter mentioned, FRAZER was acting within the scope of his duties and/or authority as an employee of defendant PFG.

23.     At all times hereinafter mentioned, FRAZER was acting within the scope of his duties and/or authority as an employee of defendant DISTRIBUTION.

24.     At all times hereinafter mentioned, FRAZER was operating the 2004 Freightliner truck bearing Maryland license plate 624F31 with the knowledge, consent and permission of defendant PFG.

25.     At all times hereinafter mentioned, FRAZER was operating the 2004 Freightliner truck bearing Maryland license plate 624F31 with the knowledge, consent and permission of defendant DISTRIBUTION.

26.        At all times hereinafter mentioned, FRAZER was operating the trailer with Tennessee license plate U131729 with the knowledge, consent and permission of defendant PFG.

27.        At all times hereinafter mentioned, FRAZER was operating the trailer with Tennessee license plate U131729 with the knowledge, consent and permission of defendant DISTRIBUTION.

28.        At all times hereinafter mentioned, FRAZER managed, maintained, supervised, used and controlled the 2004 Freightliner truck bearing Maryland license plate 624F31.

29.        At all times hereinafter mentioned, FRAZER managed, maintained, supervised, used and controlled the trailer bearing Tennessee license plate U131729, including but not limited to the packing, loading and unloading of the goods within the trailer.

30.        At all times hereinafter mentioned, defendant PFG managed, maintained, supervised, used and controlled the 2004 Freightliner truck bearing Maryland license plate 624F31.

31.        At all times hereinafter mentioned, defendant PFG managed, maintained, supervised, used and controlled the trailer bearing Tennessee license plate U131729, including but not limited to the packing, loading and unloading of the goods within the trailer.

32.        At all times hereinafter mentioned, defendant DISTRIBUTION managed, maintained, supervised, used and controlled the 2004 Freightliner truck bearing Maryland license plate 624F31.

33.        At all times hereinafter mentioned, defendant DISTRIBUTION managed, maintained, supervised, used and controlled the trailer bearing Tennessee license plate U131729, including but not limited to the packing, loading and unloading of the goods within the

trailer.

34.        On or about July 4, 2008, at approximately 1:30 a.m., on the northbound New Jersey Turnpike at or about milepost 113.2 in the Borough of East Rutherford, Bergen County, New Jersey, the 2004 Freightliner truck bearing Maryland license plate 624F31 and trailer bearing Tennessee license plate U131729 being driven by FRAZER, struck an automobile that was being driven by Kajal Pruthi and in which plaintiffs SHAMSHER ANGRAS, NISHA ANGRAS and KAPIL PRUTHI were passengers.

35.        At all times hereinafter mentioned the northbound New Jersey Turnpike at or about milepost 113.2 in the Borough of East Rutherford, Bergen County, New Jersey was a public thoroughfare and plaintiffs were lawfully traveling thereon.

36.        That as a result of the aforementioned contact between the vehicles, plaintiffs SHAMSHER ANGRAS, NISHA ANGRAS and KAPIL PRUTHI sustained serious and permanent physical injuries.

37.        That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants in the operation, management, maintenance, supervision, use and control, of the 2004 Freightliner truck bearing Maryland license plate 624F31 and trailer bearing Tennessee license plate U131729, without any fault or negligence on the part of the Plaintiffs contributing thereto.

38.        That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid truck and trailer under the circumstances then and there prevailing, including but not limited to operating the

aforesaid truck and trailer at an unsafe speed, following another vehicle too closely, failing to observe traffic, carelessly operating the truck and trailer, not stopping in a timely manner and in the packing, loading and unloading of the goods within the trailer causing said goods to shift during transit.

39.     That plaintiffs SHAMSHER ANGRAS, NISHA ANGRAS and KAPIL PRUTHI each sustained serious and permanent physical injuries causing past and future pain and suffering, economic loss including loss of income and/or earning potential, and medical care and treatment in excess of damages recoverable through no-fault insurance benefits.

40.     That by reason of the foregoing, plaintiff SHAMSHER ANGRAS has been damaged in the amount of $50,000,000.00; NISHA ANGRAS has been damaged in the amount of $8,000,000.00 and KAPIL PRUTHI has been damaged in the amount of $2,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ON BEHALF OF NISHA ANGRAS

41.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth above, with the same force and effect as though same were more fully set forth at length herein.

42.     That plaintiff NISHA ANGRAS is the mother of the infant plaintiff SHAMSHER ANGRAS.

43.     That defendants' negligence caused plaintiff NISHA ANGRAS and infant plaintiff SHAMSHER ANGRAS to sustain serious physical injury.

44.     That plaintiff NISHA ANGRAS contemporaneously witnessed the serious physical injury sustained by her son SHAMSHER ANGRAS at the scene of the accident at the time it occurred.

45.        That plaintiff NISHA ANGRAS was within the zone of risk created by defendants' negligence at the scene of the accident at the time it occurred.

46.        That as a result of witnessing the serious physical injury sustained by her son SHAMSHER ANGRAS at the scene of the accident, plaintiff NISHA ANGRAS suffered severe emotional distress.

47.        That by reason of the foregoing, plaintiff NISHA ANGRAS has been damaged in the amount of $3,000,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ON BEHALF OF KAPIL PRUTHI

48.        Plaintiffs repeat, reiterate and reallege each and every allegation set forth above, with the same force and effect as though same were more fully set forth at length herein.

49.        That plaintiff KAPIL PRUTHI is the husband of Kajal Pruthi.

50.        That defendants' negligence caused Kajal Pruthi to sustain serious physical injury.

51.        That plaintiff KAPIL PRUTHI contemporaneously witnessed the serious physical injury sustained by his wife Kajal Pruthi at the scene of the accident at the time it occurred.

52.        That plaintiff KAPIL PRUTHI was within the zone of risk created by defendants' negligence at the scene of the accident at the time it occurred.

53.        That as a result of witnessing the serious physical injury sustained by his wife Kajal Pruthi at the scene of the accident, plaintiff KAPIL PRUTHI suffered severe emotional distress.

54.        That by reason of the foregoing, plaintiff KAPIL PRUTHI has been damaged in the amount of $1,000,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## LOSS OF SERVICES ON BEHALF OF HARMEET ANGRAS

55.       Plaintiffs repeat, reiterate and reallege each and every allegation set forth above, with the same force and effect as though same were more fully set forth at length herein.

56.       That at all times hereinafter mentioned, plaintiff HARMEET ANGRAS was the spouse of plaintiff NISHA ANGRAS and as such was entitled to the services, aid, society, companionship, consortium and support of his wife.

57.       That by reason of the foregoing, plaintiff HARMEET ANGRAS has been deprived of the services, aid, society, companionship, consortium and support of his wife and the plaintiff HARMEET ANGRAS is informed and believes that such injuries to his wife are permanent in character and that he will be permanently deprived of the services, aid, society, companionship, consortium and support of his wife, the plaintiff NISHA ANGRAS.

58.       That by reason of the foregoing, plaintiff HARMEET ANGRAS has been damaged in the amount of $2,000,000.00.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR LOSS OF SERVICES
## ON BEHALF OF HARMEET ANGRAS AND NISHA ANGRAS

59.       Plaintiffs repeat, reiterate and reallege each and every allegation set forth above, with the same force and effect as though same were more fully set forth at length herein.

60.       That at all times herein mentioned, plaintiff HARMEET ANGRAS is the father and natural guardian of the infant plaintiff SHAMSHER ANGRAS, and as such was and still is entitled to the services of the infant plaintiff SHAMSHER ANGRAS.

61.       That at all times herein mentioned, plaintiff NISAH ANGRAS is the mother and natural guardian of the infant plaintiff SHAMSHER ANGRAS and as such was and still is

entitled to the services of the infant plaintiff SHAMSHER ANGRAS.

62.     That as a result of the negligence of defendants, plaintiffs HARMEET ANGRAS and NISHA ANGRAS were deprived and will in the future be deprived of the services of the infant plaintiff SHAMSHER ANGRAS.

63.     That by reason of the foregoing, HARMEET ANGRAS has been damaged in the amount of $2,000,000.00 and NISHA ANGRAS has been damaged in the amount of $2,000,000.00.

## JURY DEMAND

64.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs demand trial by jury of all issues so triable in this action.

WHEREFORE, Plaintiffs demand judgment against the Defendants in the First Cause of Action in the sum of $60,000,000.00, in the Second Cause of Action in the sum of $3,000,000.00, in the Third Cause of Action in the sum of $1,000,000.00, in the Fourth Cause of Action in the sum of $2,000,000.00, and in the Fifth Cause of Action in the sum of in the sum of $4,000,000.00, all together with the costs and disbursements of this action.

Dated:  August 25, 2008
        Jericho, New York

Yours, etc.,

_____

STUART L. FINZ (SF-1219)
FINZ & FINZ, P.C.
Attorneys for Plaintiffs
100 Jericho Quadrangle
Suite 202
Jericho, New York 11753
(516) 433-3000

10

## ATTORNEY'S VERIFICATION

**STUART L. FINZ**, an attorney duly admitted to practice before the Courts of the State of New York and the Southern District of New York, affirms the following to be true under the penalties of perjury:

I am a member of FINZ & FINZ, P. C., attorneys of record for plaintiffs SHAMSHER ANGRAS, an infant by his mother and natural guardian, NISHA ANGRAS and NISHA ANGRAS, individually, HARMEET ANGRAS, and KAPIL PRUTHI. I have read the annexed **AMENDED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiffs are not presently in the county wherein I maintain my offices.

Dated: Jericho, New York
        August 25, 2008

_____
STUART L. FINZ (SF-1219)

11

Case No. 08-CV-7444 (JFK) (DF)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

===

SHAMSHER ANGRAS, an infant by his mother and natural
guardian, NISHA ANGRAS and NISHA ANGRAS, individually,
HARMEET ANGRAS, and KAPIL PRUTHI,

                Plaintiffs,

        - against -

PERFORMANCE FOOD GROUP COMPANY, LLC and
PFG CUSTOMIZED DISTRIBUTION

                Defendants.

===

## VERIFIED AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

===

### FINZ & FINZ, P. C.
*Attorneys for*
**100 Jericho Quadrangle**
**Jericho, New York 11753**
**(516) 433-3000**

===

TO: