```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
SHAMSHER ANGRAS, an infant by his   :
mother and natural guardian,        :
NISHA ANGRAS, NISHA ANGRAS,         :
individually, HARMEET ANGRAS,       :
and KAPIL PRUTHI,                   :
                                    :
               Plaintiffs,          :
                                    :
        -against-                   :   **MEMORANDUM OPINION**
                                    :        **AND ORDER**
                                    :   08 Civ. 7444(JFK)
PERFORMANCE FOOD GROUP              :
COMPANY, LLC, PFG CUSTOMIZED        :
DISTRIBUTION, and                   :
KENNETH O. LESTER COMPANY, INC.     :
                                    :
               Defendants.          :
----------------------------------- X
```
**JOHN F. KEENAN, United States District Judge:**

Plaintiffs Shamsher Angras ("Shamsher"), Nisha Angras ("Nisha"), Harmeet Angras ("Harmeet"), and Kapil Pruthi ("Kapil") bring suit against Defendants Performance Food Group, PFG Customized Distribution, and Kenneth O. Lester Company, Inc., for the injuries they sustained in an automobile accident on July 4, 2008. Defendants now move to change venue to the District of New Jersey, Newark, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, Defendants' motion is denied.

## **BACKGROUND**

On July 4, 2008, Kajal Pruthi and her husband Kapil were driving British nationals Shamsher, a two-year-old,

and his mother, Nisha, from Newark Airport to the Pruthis' Bronx residence when a tractor trailer rear ended their car on the New Jersey Turnpike in East Rutherford, New Jersey. Hubert Frazer, a resident of Delaware and employee of Performance Food Group Company, LLC, was driving the tractor trailer.

Performance Food Group is organized in Delaware with its principal place of business in Richmond, Virginia. (Compl. ¶ 7.) It is the corporate parent of Kenneth O. Lester Company, a Tennessee corporation with its principal place of business in Lebanon, Tennessee. (Compl. ¶¶ 9, 10, 12.) Kenneth O. Lester Company also operates as PFG Customized Distribution, a Maryland Corporation with its principal place of business in Elkton, Maryland. (Compl. ¶¶ 8, 11.) All three Defendants conduct business in the Southern District of New York. (Pls.' Br. 4.)

The impact of the tractor trailer forced the Pruthis' car into a third vehicle, driven by Carlos Quito of East Hampton, New York, and in which Miguel Chamea, also of East Hampton, rode as a passenger. As a result of the accident, Shamsher, Nisha, and Kapil sustained serious injuries. Shamsher is currently hospitalized in New Jersey, while Nisha and Kapil are receiving treatment in New York. Harmeet – Shamsher's father and Nisha's husband – has

joined his wife in New York.  The couple currently resides in Staten Island.

Shamsher, Nisha, Harmeet, and Kapil have brought claims against Defendants based on theories of negligence, negligent infliction of emotional distress, and loss of services.

This Court's jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.  Venue is based on 28 U.S.C. § 1391(a)(1) and (c).

Defendants now move to transfer this matter to the United States District Court for the District of New Jersey, Newark, pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "There can be no doubt that the burden is on the defendant, when it is the moving party, to establish that there should be a change of forum." Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978).  When evaluating a motion to change venue, courts consider the following factors:

> (1) the place where the operative facts occurred; (2) the convenience to parties; (3) the convenience of

3

> witnesses; (4) the relative ease of access to sources of proof; (5) the availability of process to compel attendance of unwilling witnesses; (6) the plaintiff's choice of forum; (7) the forum's familiarity with the governing law; and (8) trial efficiency and the interests of justice.

Viacom Int'l, Inc. v. Melvin Simon Prods., Inc., 774 F. Supp. 858, 867-868 (S.D.N.Y. 1991).

Although the operative facts in this case did take place in New Jersey, the other relevant factors weigh against transferring this action. In particular, the Court finds that the convenience to the parties and witnesses strongly weighs against transferring the action. Nearly all of the Plaintiffs reside in New York. Admittedly, none of the Defendants do, but neither do they reside in New Jersey. The Court fails to see how hailing them to New York City will inconvenience them any more than hailing them to Newark.

Defendants assert that all witnesses with knowledge of the occurrence are in New Jersey, citing, as examples, the state police and medical personnel who responded to the scene of the accident. Defendants' vague reference to these potential witnesses fails to "clearly specify the key witnesses to be called and . . . make a general statement of what their testimony will cover," as courts have

4

required. Factors Etc., Inc., 579 F.2d at 218. As such, the Court gives this claim little weight. If anything, the convenience of the witnesses demands keeping the action in New York since at least three non-party eyewitnesses, Kajal Pruthi, Carlos Quito, and Miguel Chamea, reside in this state.

Defendants' argument that the law governing the dispute requires changing venue is also unavailing. Even assuming that New Jersey law controls all aspects of this case, this factor deserves little weight considering this is a basic personal injury case devoid of complex legal issues. See Vassallo v. Niedermeyer, 495 F. Supp. 757, 760 (S.D.N.Y. 1980) (disregarding this factor "where no complex questions of foreign law are involved"); see also Schwartz v. Marriott Hotel Servs., 186 F. Supp. 2d 245, 251 (E.D.N.Y. 2002) (finding, in a personal injury case, that "the fact that a New York court would apply New Jersey law is of little consequence in the determination of this motion" (internal quotation marks omitted)).

For all of the above reasons, the Court denies Defendants' motion to change venue.

**SO ORDERED.**

**Dated:** **New York, New York**

October 14, 2008

*[Signature: John F. Keenan]*

**JOHN F. KEENAN**

**United States District Judge**